COPY

FILED

1  **LEVI & KORSINSKY, LLP**
   David E. Bower, Esq.   SBN 119546
2  600 Corporate Pointe, Suite 1170
   Culver City, CA  90230-7600
3  Phone: 310-839-0442
   Fax: 310-558-3005

4  **LEVI & KORSINSKY, LLP**
   Joseph Levi, Esq.
5  Juan E. Monteverde, Esq.
6  30 Broad Street, 15th Floor
   New York, New York 10004
7  Phone:  212-363-7500
   Fax: 212-363-7171

8  Attorneys for Plaintiffs

9              IN THE UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  PATRICIA L. BRUCE and KENNETH          **CV10  1923**  JFW  (BK)
    DONAHUE, individually and on behalf of all      Case No:
13  others similarly situated,

14                              Plaintiffs,    **CLASS ACTION COMPLAINT**

15  v.                                         **Breach of Fiduciary Duties**

16  H. FREDERICK CHRISTIE, MARK SWATEK,
17  BRUCE EDWARDS, KIMBERLY ALEXY,
    DONOVAN    HUENNEKENS,    MAUREEN
18  KINDEL,   RICHARD   NEWMAN,   LINDA
    GRIEGO, WILLIAM JONES, THOMAS IINO,
19  SOUTHWEST WATER COMPANY,       SW
    MERGER ACQUISITION CORP., and    SW
20  MERGER SUB CORP.,

21
                                Defendants.
22

23      Plaintiffs, by their attorneys, allege upon information and belief, except for their own acts,

24  which are alleged on knowledge, as follows:

25      1.    Plaintiffs bring this action on behalf of the public stockholders of SouthWest Water

26  Company ("SouthWest Water" or the "Company") against SouthWest Water and its Board of

27  Directors seeking equitable relief for their breaches of fiduciary duty and other violations of state

28

- 1 -

law arising out of their attempt to sell the Company to Defendants SW Merger Acquisition Corp. and SW Merger Sub Corp. (collectively the "Buyers") (entities controlled by institutional investors advised by J.P. Morgan Asset Management and Water Asset Management, L.L.C.) by means of an unfair process and for an unfair price of $11 cash for each share of SouthWest Water common stock (the "Proposed Transaction"). The Proposed Transaction is valued at approximately $275 million.

**JURISDICTION AND VENUE**

2.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and the defendants. *See* 28 U.S.C. § 1332.

3.      Venue is proper in this District because many of the acts and practices complained of herein occurred in substantial part in this District.  In addition, SouthWest Water maintains its principal executive offices in California.

**PARTIES**

4.      Plaintiff Patricia L. Bruce, a citizen of South Carolina, and Kenneth Donahue, a citizen of Oregon, are and have been at all relevant times the owner of shares of common stock of SouthWest Water.

5.      SouthWest Water is a corporation organized and existing under the laws of the State of Delaware. It maintains its principal corporate offices at One Wilshire Building, 624 South Grand Avenue, Suite 2900, Los Angeles, California 90017, and provides water and wastewater related services principally in the United States. The company offers operations, maintenance, and management services, including water production, treatment, and distribution, wastewater collection and treatment, customer services, and utility infrastructure construction management.

CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY

6.      Defendant H. Frederick Christie ("Christie") has been the Chairman of the Board of the Company since 2009 and a director of the Company since 1996.  Upon information and belief, he is a citizen of the State of California.

7.      Defendant Mark Swatek ("Swatek") has been Chief Executive Officer and a director of the Company since 2006 and President of the Company since 2009. Upon information and belief, he is a citizen of the State of California.

8.      Defendant Bruce Edwards ("Edwards") has been a director of the Company since 2009. Upon information and belief, he is a citizen of the State of California.

9.      Defendant Kimberly Alexy ("Alexy") has been a director of the Company since 2009. Upon information and belief, she is a citizen of the State of California.

10.     Defendant Donovan Huennekens ("Huennekens") has been a director of the Company since 1969.  Upon information and belief, he is a citizen of the State of California.

11.     Defendant Maureen Kindel ("Kindel") has been a director of the Company since 1997. Upon information and belief, she is a citizen of the State of California.

12.     Defendant Richard Newman ("Newman") has been a director of the Company since 1991. Upon information and belief, he is a citizen of the State of California.

13.     Defendant Linda Griego ("Griego") has been a director of the Company since 2006. Upon information and belief, she is a citizen of the State of California.

14.     Defendant William Jones ("Jones") has been a director of the Company since 2004. Upon information and belief, he is a citizen of the State of California.

15.     Defendant Thomas Iino ("Iino") has been a director of the Company since 2007. Upon information and belief, he is a citizen of the State of California.

16.     Defendants referenced in ¶¶ 6 through 15 are collectively referred to as Individual Defendants and/or the SouthWest Water Board.  As officers and/or directors of SouthWest Water,

CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY

the Individual Defendants have a fiduciary relationship with Plaintiffs and other public shareholders of SouthWest Water, and owe them the highest obligations of good faith, fair dealing, loyalty and due care.

17.     Defendant SW Merger Acquisition Corp. is a Delaware Corporation and is an entity controlled by institutional investors advised by J.P. Morgan Asset Management and Water Asset Management L.L.C.

18.     Defendant SW Merger Sub Corp. is a Delaware Corporation wholly owned by SW Merger Acquisition Corp. that was created for the purposes of effectuating the Proposed Transaction.

## INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES

19.     By reason of Individual Defendants' positions with the Company as officers and/or Directors, they are in a fiduciary relationship with Plaintiffs and the other public shareholders of SouthWest Water and owe them, as well as the Company, a duty of highest good faith, fair dealing, loyalty, and full, candid, adequate disclosure, as well as a duty to maximize shareholder value.

20.     Where the officers and/or Directors of a publicly traded corporation undertake a transaction that will result in either: (i) a change in corporate control; (ii) a break up of the corporation's assets; or (iii) sale of the corporation, the Directors have an affirmative fiduciary obligation to obtain the highest value reasonably available for the corporation's shareholders, and if such transaction will result in a change of corporate control, the shareholders are entitled to receive a significant premium.  To comply diligently with their fiduciary duties, the Directors and/or officers may not take any action that:

(a)     adversely affects the value provided to the corporation's shareholders;

(b)     favors themselves, will discourage, or will inhibit alternative offers to purchase control of the corporation or its assets;

- 4 -

(c)  contractually prohibits them from complying with their fiduciary duties;

(d)  will otherwise adversely affect their duty to search and secure the best value reasonably available under the circumstances for the corporation's shareholders; and/or

(e)  will provide the Directors and/or officers with preferential treatment at the expense of, or separate from, the public shareholders.

21.  In accordance with their duties of loyalty and good faith, the Individual Defendants, as Directors and/or officers of SouthWest Water, are obligated to refrain from:

(a)  participating in any transaction where the Directors or officers' loyalties are divided;

(b)  participating in any transaction where the Directors or officers receive, or are entitled to receive, a personal financial benefit not equally shared by the public shareholders of the corporation; and/or

(c)  unjustly enriching themselves at the expense or to the detriment of the public shareholders.

22.  Plaintiffs allege herein that the Individual Defendants, separately and together, in connection with the Proposed Transaction are knowingly or recklessly violating their fiduciary duties, including their duties of loyalty, good faith and independence owed to Plaintiffs and other public shareholders of SouthWest Water, or are aiding and abetting others in violating those duties.

23.  Defendants also owe the Company's stockholders a duty of candor, which includes the disclosure of all material facts concerning the Proposed Transaction, and particularly the fairness of the price offered for the stockholders' equity interest. Defendants are knowingly or recklessly breaching their fiduciary duty of candor by failing to disclose all material information concerning the Proposed Transaction and/or aiding and abetting other Defendants' breaches.

- 5 -

## CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION

24.     In committing the wrongful acts alleged herein, each of the Defendants has pursued or joined in the pursuit of a common course of conduct and acted in concert with and conspired with one another in furtherance of their common plan or design.  In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Defendants further aided and abetted and/or assisted each other in breach of their respective duties as herein alleged.

25.     During all relevant times hereto, the Defendants initiated a course of conduct which was designed to and did: (i) permit the Buyers to attempt to eliminate the public shareholders' equity interest in SouthWest Water pursuant to a defective sales process, and (ii) permit the Buyers to buy the Company for an unfair price. In furtherance of this plan, conspiracy, and course of conduct, Defendants took the actions as set forth herein.

26.     Each of the Defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein.  In taking such actions, as particularized within this document, to substantially assist the commission of the wrongdoing complained of, each Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to and furtherance of the wrongdoing. The Defendants' acts of aiding and abetting include, *inter alia*, the acts each of them are alleged to have committed in furtherance of the conspiracy, common enterprise, and common course of conduct complained of herein.

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action on their own behalf and as a class action on behalf of all owners of SouthWest Water common stock and their successors in interest, except Defendants and their affiliates (the "Class").

28.     This action is properly maintainable as a class action for the following reasons:

(a)     the Class is so numerous that joinder of all members is impracticable. As of March 15, 2010, SouthWest Water has approximately 24.88 million shares outstanding.

(b)     questions of law and fact are common to the Class, including, inter alia, the following:

    (i)     whether the Individual Defendants breached their fiduciary duties owed by them to Plaintiffs and the others members of the Class;

    (ii)     whether the Individual Defendants, in connection with the Proposed Transaction of SouthWest Water by the Buyers, are pursuing a course of conduct that does not maximize SouthWest Water's value, in violation of their fiduciary duties;

    (iii)     whether the Individual Defendants misrepresented and omitted material facts, in violation of their fiduciary duties owed by them to Plaintiffs and the other members of the Class;

    (iv)     whether SouthWest Water and Buyers aided and abetted the Individual Defendants' breaches of fiduciary duty; and

    (v)     whether the Class is entitled to injunctive relief or damages as a result of Defendants' wrongful conduct.

(c)     Plaintiffs are committed to prosecuting this action and have retained competent counsel experienced in litigation of this nature.

(d)     Plaintiffs' claims are typical of those of the other members of the Class.

(e)     Plaintiffs have no interests that are adverse to the Class.

(f)     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications for individual members of the Class and the risk of establishing incompatible standards of conduct for Defendants.

CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY

(g)     Conflicting adjudications for individual members of the Class might as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

## SUBSTANTIVE ALLEGATIONS

29.     SouthWest Water provides water and wastewater related services principally in the United States. The company offers operations, maintenance, and management services, including water production, treatment, and distribution, wastewater collection and treatment, customer services, and utility infrastructure construction management. The Company owns water and wastewater utilities located in California, Alabama, Mississippi, and Texas, which primarily serve residential customers. As of November 9, 2009, the Company owned 131 systems and operated hundreds more under contract to cities, utility districts and private companies.

30.     The Company has been recognized for its outstanding service and for providing top-notch water systems on numerous occasions. For example, on August 20, 2009, the Company announced that it received perfect scores in a state inspection of its water systems in the City of Gulfport, Mississippi. As stated in the press release:

> LOS ANGELES--(BUSINESS WIRE)--August 20, 2009--SouthWest Water Company (NASDAQ:SWWC) today announced that four City of Gulfport, Mississippi, water systems that are operated and maintained by SouthWest Water are perfect, according to the Mississippi State Department of Health. After a rigorous inspection and evaluation of five systems, four earned a perfect score of 5.0 and one earned the second-highest rating of 4.7.
>
> "There is a lot that goes into making our water not only safe to drink, but making it the best quality water possible," said George Schloegel, the mayor of Gulfport. "We could not be more pleased with these results and thank SouthWest Water for their professional operation of our systems."
>
> * * *
>
> "Gulfport is the second largest city in Mississippi and getting a perfect score on multiple drinking water systems that serve this many residents is

- 8 -

CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY

a rare and major accomplishment," said Jeff Blackwell, SouthWest Water's project manager in Gulfport. "Fulfilling the state department's stringent evaluation standards requires great operational focus and expertise. We are committed to providing the highest level of service to Gulfport's residents and we are proud that these results show how our efforts are paying off for the City."

31.    On September 10, 2009, the Company announced a 10-year renewal contract with Horizon Regional Municipal Utility District ("HRMUD") in Horizon City, Texas, under which SouthWest Water will continue to operate and maintain HRMUD's water and wastewater systems and manage its meter reading, billing, and collections. As stated in the press release announcing the contract:

"SouthWest Water does an excellent job serving our community," said HRMUD President John Navidomskis. "We are happy to renew this contract and ensure the continuity of this quality service."

"We are proud of the support and confidence that the HRMUD's officials have shown in us," said Jim Brown, Managing Director of SouthWest Water's Texas MUD Services division. "We look forward to continuing to provide outstanding service to the residents of Horizon City."

32.    On October 23, 2009, the Company announced that its board of directors had raised the company's quarterly cash dividend on its common stock from $0.025 per share to $0.05 per share, representing a 100% increase. In the press release announcing the dividends, Mark Swatek, SouthWest Water chief executive officer, said, "Today's action *reflects our board's confidence in the underlying performance of the company and our long-term business outlook*."

33.    On November 9, 2009, the Company announced its financial results for the third quarter ending September 30, 2009. The Company announced that operating revenue increased by 3%, to $59.0 million, for the 2009 third quarter, compared to $57.5 million in the third quarter of 2008. In addition, the Company reported that adjusted income from continuing operations was $1.1 million, or $0.05 per diluted share, compared with adjusted income from continuing operations of $0.1 million, or $0.00 per diluted share, for the third quarter of 2008. As stated by Defendant

- 9 -

Swatek, SouthWest Water president and chief executive officer, in the press release announcing the financial results, "We are pleased that our revenue continues to grow as a result of the regulatory relief we have been granted in our owned utilities and the increased project work our Texas MUD operations have completed this year versus last. *As we continue to hone in on areas where we can make a positive impact on costs, we also expect to see continued improvement in our operating efficiencies*."

34.     On February 9, 2010, the Company announced that it received high scores from the Mississippi State Department of Health for three wells the company operates for the Pearl River County Utility Authority (PRCUA). The PRCUA coordinates the delivery of water, wastewater and storm water services for residents of Mississippi's Pearl River County.  As stated by PRCUA Operations Manager Cliff Diamond in the press release announcing the achievement, "SouthWest Water's hard work has greatly improved our systems.  Their emergency response time has been excellent, and the Authority is pleased with the professional service and commitment they have shown us."

35.     Despite its recent performance and bright outlook, the Company agreed to enter into the Proposed Transaction.  In a press release dated March 3, 2010, the Company announced that it had entered into a merger agreement with the Buyers, stating:

> LOS ANGELES, California, March 3, 2010– SouthWest Water Company (NASDAQ:SWWC) today announced it has entered into a definitive merger agreement to be acquired for approximately $275 million in cash, or $11.00 per share, by institutional investors advised by J.P. Morgan Asset Management and Water Asset Management L.L.C. (the partnership).
>
> * * *
>
> Andrew Walters, vice president of J.P. Morgan Asset Management's Infrastructure Investments Group, said, "We believe that SouthWest Water is an excellent, long-term investment for the partnership. We look forward to working with SouthWest Water's experienced management and talented workforce to deliver cost effective customer service to a growing customer base over time. A seamless transition and continuity are high priorities for us and we look forward to continuing to work with management and employees

- 10 -

in the company's service territories to ensure continued responsiveness to needs of local customers and communities."

\* \* \*

"SouthWest Water has made a significant commitment to improve the water service infrastructure in the regions it serves, and, in turn, enhance service and reliability to its customers," said Disque Deane Jr. of Water Asset Management. "Our partnership is committed to funding necessary maintenance and upgrades over the long-term".

\* \* \*

Prior to the closing of the acquisition, members of the partnership will invest approximately $16 million in 2.7 million newly issued SouthWest Water shares under a private placement, priced at $6.00 per share. SouthWest Water intends to use the proceeds to assist the financing of ongoing utility infrastructure investments. As the offer and sale of the shares of common stock will not be registered under the Securities Act of 1933 or applicable state securities laws, the shares of common stock may not be offered or sold in the United States absent registration or an applicable exemption from such registration requirements. This document is being issued pursuant to and in accordance with Rule 135c under the Securities Act and does not constitute an offer to sell or a solicitation of an offer to buy the shares of common stock.

36.     Given the Company's recent performance and future prospects, the consideration shareholders are to receive is inadequate. In fact, prior to the recession and the general financial turmoil that began in late 2008, SouthWest Water's stock had been trading as high as $13.40 per share in September, 2008. Accordingly, the Buyers are picking up SouthWest Water at the most opportune time, a time when SouthWest Water is poised for growth and its stock price is trading at a huge discount to its intrinsic value.

37.     In addition, on March 3, 2010, the Company filed a Form 8-K with the United States Securities and Exchange Commission ("SEC"), wherein it disclosed the operating Agreement and Plan of Merger for the Proposed Transaction (the "Merger Agreement"). As part of the Merger Agreement, Defendants agreed to certain onerous and preclusive deal protection devices that operate conjunctively to make the Proposed Transaction a *fait accompli* and ensure that no competing offers will emerge for the Company.

CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY

38.     By way of example, §6.4(a) of the Merger Agreement includes a "no solicitation" provision barring the Board and any Company personnel from attempting to procure a price in excess of the amount offered by the Buyers. This section also demands that the Company terminate any and all prior or ongoing discussions with other potential suitors. Despite the fact that they have locked up the Company and bound it not to solicit alternative bids, the Merger Agreement provides other ways that guarantee that the only suitor will be the Buyers.

39.     Pursuant to §6.4 of the Merger Agreement, should an unsolicited bidder arrive on the scene, the Company must notify the Buyers of the bidder's offer. Thereafter, should the Board determine that the unsolicited offer is superior, the Buyers are granted five days to amend the terms of the Merger Agreement to make a counter-offer so that the competing bid no longer constitutes a superior proposal. The Buyers are able to match the unsolicited offer because they are granted unfettered access to the unsolicited offer in its entirety, eliminating any leverage that the Company has in receiving the unsolicited offer.

40.     In other words, the Merger Agreement gives the Buyers access to any rival bidder's information and allows the Buyers a free right to top any superior offer. Accordingly, no rival bidder is likely to emerge and act as a stalking horse for the Buyers because the Merger Agreement unfairly assures that any "auction" will favor the Buyers and piggy-back upon the due diligence of the foreclosed second bidder.

41.     In addition, the Merger Agreement provides that a termination fee of 3% of the Proposed Transaction consideration be paid to Buyers by SouthWest Water if the Company decides to pursue said other offer, thereby essentially requiring the alternate bidder to agree to pay a naked premium for the right to provide the shareholders with a superior offer.

42.     Ultimately, these preclusive deal protection provisions illegally restrain the Company's ability to solicit or engage in negotiations with any third party regarding a proposal to

- 12 -

CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY

acquire all or a significant interest in the Company. The circumstances under which the Board may respond to an unsolicited written bona fide proposal for an alternative acquisition that constitutes or would reasonably be expected to constitute a superior proposal are too narrowly circumscribed to provide an effective "fiduciary out" under the circumstances. Likewise, these provisions also foreclose any likely alternate bidder from providing the needed market check of the Buyers' inadequate offer price.

43. Accordingly, Plaintiffs seek injunctive and other equitable relief to prevent the irreparable injury that Company shareholders will continue to suffer absent judicial intervention.

**CLAIM FOR RELIEF**

**COUNT I**
**Breach of Fiduciary Duty—Failure to Maximize Shareholder Value**
**(Against All Individual Defendants)**

44. Plaintiffs repeat all previous allegations as if set forth in full herein.

45. As Directors of SouthWest Water, the Individual Defendants stand in a fiduciary relationship to Plaintiffs and the other public stockholders of the Company and owe them the highest fiduciary obligations of loyalty and care. The Individual Defendants' recommendation of the Proposed Transaction will result in a change of control of the Company, which imposes heightened fiduciary responsibilities to maximize SouthWest Water's value for the benefit of the stockholders and requires enhanced scrutiny by the Court.

46. As discussed herein, the Individual Defendants have breached their fiduciary duties to SouthWest Water shareholders by failing to engage in an honest and fair sale process.

47. As a result of the Individual Defendants' breaches of their fiduciary duties, Plaintiffs and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value of SouthWest Water's assets and will be prevented from benefiting from a value-maximizing transaction.

- 13 -

48.     Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to Plaintiffs and the Class, and may consummate the Proposed Transaction, to the irreparable harm of the Class.

49.     Plaintiffs and the Class have no adequate remedy at law.

**COUNT II**

**Aiding and Abetting**
**(Against SouthWest Water and the Buyers)**

50.     Plaintiffs repeat all previous allegations as if set forth in full herein.

51.     As alleged in more detail above, SouthWest Water and the Buyers are well aware that the Individual Defendants have not sought to obtain the best available transaction for the Company's public shareholders.  Defendants SouthWest Water and the Buyers aided and abetted the Individual Defendants' breaches of fiduciary duties.

52.     As a result, Plaintiffs and the Class members are being harmed.

53.     Plaintiffs and the Class have no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly and severally, as follows:

(a)     declaring this action to be a class action and certifying Plaintiffs as the Class representatives and their counsel as Class counsel;

(b)     enjoining, preliminarily and permanently, the Proposed Transaction;

(c)     in the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiffs and the Class rescissory damages;

(d)     directing that Defendants account to Plaintiffs and the other members of the Class for all damages caused by them and account for all profits and any special benefits obtained as a result of their breaches of their fiduciary duties;

- 14 -

(e)     awarding Plaintiffs the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiffs' attorneys and experts; and

(f)     granting Plaintiffs and the other members of the Class such further relief as the Court deems just and proper.

DATED: 3/16, 2010

LEVI & KORSINSKY, LLP


_____
DAVID E. BOWER
600 Corporate Pointe, Suite 1170
Culver City, CA   90230-7600


**LEVI & KORSINSKY, LLP**
Joseph Levi (to be admitted *pro hac vice*)
Juan E. Monteverde (to be admitted *pro hac vice*)
30 Broad Street, 15th Floor
New York, NY  10004
Tel:  212-363-7500
Fax:  212-363-7171

Attorneys for Plaintiffs

- 15 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 1923 JFW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

2010-MAR-17 12:16    FROM-ABC LEGAL SERVICES              +2132538413      T-044  P.005/006  F-355

COPY

Name & Address: David E. Bower      SBN 119546
Levi & Korsinsky, LLP
600 Corporate Pointe, Suite 1170
Culver City, CA 90230-7600
Phone: 310-839-0442

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA L. BRUCE and KENNETH DONAHUE, individually and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br>v.<br><br>H. FREDERICK CHRISTIE, MARK SWATEK, BRUCE EDWARDS, et al.<br>(see Schedule A attached)<br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 1923 JFW VBKx<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, David E. Bower _____, whose address is Levi & Korsinsky, LLP, 600 Corporate Pointe, Suite 1170, Culver City, CA 90230 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

CHRISTOPHER POWERS

Dated: _____ MAR 1 7 2010 _____    By: _____
                                          Deputy Clerk

                                          SEAL

                                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# **Schedule A**

PATRICIA L. BRUCE and KENNETH DONAHUE, individually and on behalf of all others similarly situated,

                                                       Plaintiffs,

v.

H. FREDERICK CHRISTIE, MARK SWATEK, BRUCE EDWARDS, KIMBERLY ALEXY, DONOVAN HUENNEKENS, MAUREEN KINDEL, RICHARD NEWMAN, LINDA GRIEGO, WILLIAM JONES, THOMAS IINO, SOUTHWEST WATER COMPANY, SW MERGER ACQUISITION CORP., and SW MERGER SUB CORP.,

                                                      Defendants



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET



| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PATRICIA L. BRUCE and KENNETH DONAHUE, individually and on behalf of all others similarly situated, | H. FREDERICK CHRISTIE, MARK SWATEK, et all (see attached Schedule A) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David E. Bower, SBN 119546  Phone: 310-839-0442  Levi & Korsinsky, LLP  600 Corporate Pointe, Suite 1170, Culver City, CA 90230 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No       ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332 Breach of Fiduciary Duties, failure to disclose regarding Acquisition transaction of publicly held corporation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**FOR OFFICE USE ONLY:** Case Number: _____   **CV10   1923**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Patricia Bruce   State of South Carolina<br>Kenneth Donahue   State of Oregon |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Southwest Water Company Los Angeles County<br>(See Attached Schedule A) | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   3 | 16 | 10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# __Schedule A__
## __(Civil Cover Sheet)__

Defendants:

H. FREDERICK CHRISTIE, Believed to be Citizen of California, County of Los Angeles
MARK SWATEK, Believed to be Citizen of California, County of Los Angeles
BRUCE EDWARDS, Believed to be Citizen of California, County of Los Angeles
KIMBERLY ALEXY, Believed to be Citizen of California, County of Los Angeles
DONOVAN HUENNEKENS, Believed to be Citizen of California, County of Los Angeles
MAUREEN KINDEL, Believed to be Citizen of California, County of Los Angeles
RICHARD NEWMAN, Believed to be Citizen of California, County of Los Angeles
LINDA GRIEGO, Believed to be Citizen of California, County of Los Angeles
WILLIAM JONES, Believed to be Citizen of California, County of Los Angeles
THOMAS IINO, Believed to be Citizen of California, County of Los Angeles
SOUTHWEST WATER COMPANY, Principal Office in Los Angeles, California
SW MERGER ACQUISITION CORP., Delaware Corporation,
SW MERGER SUB CORP., Delaware Corporation