LINK: 26, 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1923 GAF (VBKx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Patricia L. Bruce et al v. H. Frederick Christie et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     **(In Chambers)**

### ORDER TO SHOW CAUSE

  Plaintiffs have filed suit against defendants SouthWest Water Company ("SouthWest") and a number of other defendants. The suit seeks "equitable relief" for the defendants' alleged "violations of Rule 14a-9(a) promulgated under the Securities Exchange Act..., breaches of fiduciary duty and other violations of state law." (Compl. ¶ 1.) The claims arise out of defendants' "attempt to sell [SouthWest]...by means of an unfair process and for an unfair price" per share of SouthWest stock. (Id.) While the defendants now move to dismiss the suit, these motions shall not be addressed absent resolution of a threshold jurisdictional issue in the case.

  In the brief supporting their dismissal motion, defendants SW Merger Acquisition Corp. and SW Merger Sub Corp. indicate that within "hours after the announcement of the Proposed Acquisition on March 3, 2010," multiple "complaints...challenging the adequacy" of the SouthWest acquisition price "began to be filed" in California and Delaware state courts. (SW Merger & SW Acquisition Mem. at 3.) Around that time, five lawsuits were filed in California, "two lawsuits were filed in Delaware...and one lawsuit...was filed in this Court." (Id.)[1]

  The existence of this state court litigation suggests that abstention from exercising jurisdiction, pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), may be appropriate. See Atchison, Topeka & Santa Fe Ry. Co. v. Bd. of Equalization, 795 F.2d 1442, 1447 (9th Cir. 1986), vacated on other grounds, 828 F.2d 9 (9th Cir. 1987)

---

[1] Plaintiffs' initial complaint in this matter was filed on March 17, 2010, more than two weeks after the acquisition announcement. (Docket No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1923 GAF (VBKx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Patricia L. Bruce et al v. H. Frederick Christie et al | | |

(abstention under Colorado River can be raised sua sponte).[2]  Indeed, a recent decision in this district applied Colorado River to partially stay securities class action claims, where the parallel federal and state complaints both "allege[d] that...directors breached...fiduciary duties by entering into a merger agreement which allegedly does not adequately value the common stock" at issue. In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1169 (C.D. Cal. 2008).[3]

Based on the present record, the timing and substance of the state actions are unclear, and the Court concludes that these issues require further briefing.  Because Plaintiffs seek this Court's jurisdiction, they are hereby **ORDERED TO SHOW CAUSE** why the Court should not enter a stay pursuant to the Colorado River doctrine.  Plaintiffs may respond to this order by submitting a memorandum that: (1) addresses the precise timing and scope of the California and Delaware litigation; and (2) discusses the propriety of Colorado River abstention according to the factors in Holder.  Such response shall be filed **no later than July 21, 2010**.

The motion hearing presently scheduled for July 12, 2010 is **VACATED**, and the Court reserves ruling regarding the dismissal motions pending resolution of this Order to Show Cause.

**IT IS SO ORDERED.**

---

[2] Under Colorado River, "considerations of wise judicial administration...may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter.  [E]xact parallelism is not required; [i]t is enough if the two proceedings are substantially similar." Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (citations and internal quotations omitted).
In deciding whether to stay litigation under Colorado River, courts also examine the following factors: "(1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping." Holder, 305 F.3d at 870 (citations omitted).  These factors are balanced, and depending on the facts of the case, one factor may get more weight than another. Holder, 305 F.3d at 870-71 (citations omitted).

[3] This Court is aware that the Countrywide court did not stay claims "based on federal law" pursuant to Colorado River, and it is clear that Plaintiffs have included a Rule 14a-9 claim in their complaint. 542 F. Supp. 2d at 1172; Second Am. Compl. ¶¶ 70-74.  However, circuit law teaches that claims seeking "legal and equitable remedies" under Rule 14a-9 must include allegations of "loss causation," and connect allegedly misleading proxy statements with "an actual economic harm." New York City Employees' Ret. Sys. v. Jobs, 593 F.3d 1018, 1023-24 (9th Cir. 2010).  Presently, Plaintiffs have alleged only that the allegedly misleading proxy statements will "deprive[] [them] of their entitlement to cast a fully informed vote" regarding the pending SouthWest acquisition. (Second Am. Compl. ¶ 74.)  The viability of the Rule 14a-9 claim, as presently pled, is doubtful.